UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-24386-CIV-MARTINEZ-BROWN

TRACFONE WIRELESS, INC., a Delaware
corporation,

    Plaintiff,

vs.

SUNSTRIKE INTERNATIONAL LTD., a
foreign corporation; and SUNSTRIKE
INTERNATIONAL USA, INC., a Florida
corporation,

    Defendants.
_____/

## ORDER REGARDING SERVICE OF PROCESS

THIS CAUSE came before the Court upon Plaintiff's Motion for Entry of an Order Directing Service of Process Pursuant to Fed. R. Civ. P. 4(f)(1) and 4(f)(2)(C)(ii) **(D.E. No. 9)**.

Defendants in this case are corporations based in Hong Kong. Plaintiff has attached an affidavit establishing that Defendants have not appointed a registered agent for service of process in Florida. Weiss Aff. ¶ 3. Plaintiff has, however, attempted to serve process on Defendant Sunstrike International Ltd. ("Sunstrike") by serving a copy of the summons and complaint on Sunstrike's subsidiary, Sunstrike International USA, Inc. ("Sunstrike USA").

Defendants are seeking leave of the Court to accomplish service against the Defendants by two separate methods. Specifically, they want to effect service pursuant to Federal Rule of civil Procedure 4(f)(1) and the Hague Service Convention and they want to effect service by mail pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii).

In relevant part, Federal Rule of Civil Procedure 4(f) provides as follows:

> Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: . . .
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1).

The Court accepts the proffer of evidence that the Defendants have not appointed registered agents for service of process in Florida. Accordingly, the Court finds that directing the Clerk's Office to request that the Hong Kong Cental Authority effect service of the amended complaint and summons on the Hong Kong Defendants pursuant to Rule 4(f)(1) and the Hague Service Convention is appropriate.

Service pursuant to Rule 4(f)(2)(C)(ii) provides for service by mail that requires a signed receipt and is addressed and sent to the defendant by the Clerk of Court. Fed. R. Civ. P. 4(f)(2)(C)(ii). "[I]n addition to service through the Central Authority of each country, 'Article 10(a) [of the Hague Service Convention] provides that, if the State of destination does not object, the Hague Convention does not change the freedom to send judicial documents, by postal channels, directly to persons abroad.'" *TracFone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F. Supp. 2d 1307, 1309 (S.D. Fla. 2010) (quoting *Curcuruto v. Cheshire*, 864 F. Supp. 1410, 1411

(S.D. Ga. 1994)). Plaintiff has attached evidence showing that, with respect to Article 10(a) of the Hague Convention, Hong Kong has "no objection" to sending judicial documents directly to persons in their jurisdiction by postal channels. Numerous district courts within the Eleventh Circuit have permitted service by that method. *See Tracfone Wireless,* 717 F. Supp. 2d at 1309 (citing *Curcuruto,* 864 F. Supp. at 1411; *Lestrade v. United States,* 945 F. Supp. 1557 (S.D. Fla. 1996); *Conax Florida Corp. v. Astrium Ltd.* 499 F. Supp. 2d 1287, 1293 (M.D. Fla. 2007)); *see also Brockmeyer v. May,* 383 F.3d 798, 802 (9th Cir. 2004) (permitting service of process by mail under Article 10(a) of the Hague Convention). Furthermore, many cases have permitted such service by mail to occur through several different postal methods, including both international mail and Federal Express. *See, e.g., Tracfone Wireless,* 717 F. Supp. 2d at 1310. The Court thus finds that serving Hong Kong Defendants with a copy of the Summons and Amended Complaint sent via international express mail and via FedEx directed to their President, General Manager, or other executive officer at their respective headquarters, is permissible pursuant to Rule 4(f)(2)(C)(ii).

The Court also finds that Plaintiff may file a copy of the FedEx "proof of signature" (or substantially equivalent document) as proof that service has been effected pursuant to Rule 4(l)(2)(B), which provides that when service is made that pursuant to Rule 4(f)(2), service may be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that summons and complaint were delivered to the address." Fed. R. Civ. P. 4(1)(2)(B). Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Entry of an Order Directing Service of Process Pursuant to Fed.

R. Civ. P. 4(f)(1) and 4(f)(2)(C)(ii) **(D.E. No. 9) is GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 4(f)(1) and the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, the Clerk of this Court is DIRECTED to deliver, via international express mail, two copies of: (1) TracFone's Amended Complaint; (2) Summons to Defendants Pak China Group Co. Ltd, New Pak China Trade International Co. and Sunstrike International, Ltd.; (3) Civil Cover Sheet; (4) USM-94, "Request for Service Abroad of Judicial or Extrajudicial Documents," which is to be executed by the Clerk; (5) Summary of the Documents to be Served; (6) this Order Regarding Service of Process; and (7) Affidavit of Aaron S. Weiss ("Affidavit"); to the Chief Secretary of Administration of Hong Kong Special Administrative Region, Central Government Offices, Lower Albert Road, Hong Kong for service upon Bequator Corporation, Ltd. at 19th Floor, Suite B Wing, Yee Commercial Building, 3–7 Wing Kut Street, Central Hong Kong.

3. Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), the Clerk of this Court shall serve Defendants Pak China Group Co. Ltd, New Pak China Trade International Co. and Sunstrike International Ltd., by sending via United States postal service international express mail, return receipt requested and also via FedEx one copy of: (1) TracFone's Amended Complaint; (2) Summons to Defendants Pak China Group Co. Ltd., New Pak China Trade International Co. and Sunstrike International Ltd.; (3) Civil Cover Sheet; (d) Order; and (e) Affidavit, along with a cover letter provided by Plaintiff; to Defendants at the following addresses:

Pak-China Group Co Ltd.
5/F, Oriental Crystal Finance Centre
107-109 Chatham Road, T.S.T
Kowloon, Hong Kong

New Pak China
O/B Sunny Trade Int'l Ltd., Shop 58 G/F
Chung King Mansion, 36-44 Nathan Road
Tsim Sha Tsui, Kowloon, Hong Kong

Sunstrike International Ltd.
Unit C, 7th Floor, Gemstar, Tower
23 ManLok Street
Hung Hom, Kowloon, Hong Kong

4. Plaintiff TracFone is DIRECTED to deliver the required documents to the Clerk's office within five (5) days of entry of this Order so that the Clerk can comply with this Order. Plaintiff TracFone will ensure that the Clerk has the requisite pre-paid and pre-addressed envelopes to carry out the requirements of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 4 day of April, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record