IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-24386-JEM

TRACFONE WIRELESS, INC.,
a Delaware Corporation,

    Plaintiff,

v.

SUNSTRIKE INTERNATIONAL LTD.,
a foreign corporation; *et al.*,

    Defendants.
_____/

## TRACFONE'S RESPONSE IN OPPOSITION TO SUNSTRIKE INT'L LTD'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Plaintiff TracFone Wireless, Inc. ("TracFone"), pursuant to S.D. Fla. L.R. 7.1(c), files this response in opposition to the Motion to Dismiss ("Motion") filed by Defendant Sunstrike International Ltd. ("Sunstrike Int'l" or "Defendant") [DE 37]. This Motion, which is virtually identical to a motion to dismiss previously filed by Defendant's counsel in another case in this District and subsequently denied by Judge Alan S. Gold in a published decision (*TracFone Wireless, Inc. v. Access Telecom*, 642 F.Supp.2d 1354 (S.D. Fla. 2009)), improperly requests that this Court consider inadmissible matters beyond the four corners of TracFone's First Amended Complaint [DE 6] (hereinafter the "Complaint") and is premised on inaccurate conclusions and misstatements of fact and law. For the reasons stated herein, Defendant's Motion should be denied in its entirety.

## INTRODUCTION

TracFone filed this action seeking damages and injunctive relief as a result of, *inter alia*, Defendant Sunstrike Int'l's (and its co-defendants') violations of multiple state and federal laws arising from its unlawful business enterprise involving the unauthorized bulk purchase, computer

1

unlocking/reflashing and trafficking of federally trademarked TracFone, NET10, Straight Talk, Safe Link, and ⦸ ("spiracle logo") wireless prepaid cellular telephones (the "Bulk Resale Scheme").  [DE 6].

As set forth in greater detail in TracFone's Complaint, Defendant is engaged in, and knowingly facilitates and encourages others to engage in, unlawful business practices involving the unauthorized and unlawful bulk purchase and resale of TracFone Prepaid Phones, unauthorized and unlawful computer unlocking or reflashing of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and trafficking of the Phones for profit (the "Bulk Resale Scheme").  [DE 6, ¶23]. Documents in TracFone's possession reveal Defendant has trafficked over $400,000 in TracFone Phones in furtherance of the Bulk Resale Scheme, and TracFone expects to uncover additional illicit transactions by Defendant once the discovery process begins in this case.[1]

TracFone subsidizes the retail price of its TracFone Phones, selling them for less than their wholesale price to consumers, who do not have sufficient credit to qualify for, or otherwise cannot afford, "traditional" post-paid wireless service from major carriers like AT&T and Verizon.  *Id*., ¶¶ 33-35.  TracFone expects to recoup the subsidies through the sale of prepaid airtime units to its customers.  *Id*., ¶35.  Defendant's activities effectively steal the subsidies intended to benefit TracFone's legitimate customers.  *Id*., ¶52-53.

Defendant's conduct is causing TracFone to suffer millions of dollars in losses and has caused immediate and irreparable injury to TracFone.  *Id*., ¶32.  As a result of Defendant's misconduct, TracFone asserts claims against Defendant and its co-conspirators for trademark

---

[1] Defendant has refused to agree to the entry of a confidentiality order and has refused to appear for deposition, which is hampering TracFone's ability to prosecute the case.  Several motions related to discovery are currently pending.  [D.E. 29, 30, 32, 39]

infringement, under 15 U.S.C. § 1114 (Count 1); federal unfair competition, under 15 U.S.C. § 1125 (Count 2); breach of contract (Count 3); contributory trademark infringement (Count 4); federal copyright infringement of TracFone's prepaid software, under Title 17 of the United States Code (Count 5); circumvention of copyrighted software protection system and trafficking in circumvention technology as violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.*, (Counts 6 and 7); tortious interference with contract (Count 8); conspiracy to induce breach of contract (Count 9); civil conspiracy (Count 10); and unjust enrichment (Count 11).

Defendant seeks dismissal of all TracFone's claims. In support, Defendant improperly asks the Court to consider extrinsic evidence and raises arguments that have already been considered and rejected by this Court. Accordingly, the Motion should be denied in its entirety.

## MEMORANDUM OF LAW

### A. Standard of Review on a Motion to Dismiss

In deciding a motion to dismiss, the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1198 n. 2 (11th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading requirement "does not impose a probability requirement at the pleading stage;" it only calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Id.* at 556.

Defendant claims that each count in TracFone's Complaint should be dismissed because they are based solely on "conclusory statements and threadbare allegations." Motion at p. 16. However, on two separate occasions, this Court has reviewed TracFone's allegations and found

that they satisfy the federal pleading standard under Rule 8. *See TracFone Wireless, Inc. v. Access Telecom*, 642 F.Supp.2d 1354 (S.D. Fla. 2009); *TracFone Wireless, Inc. v. GSM Group, Inc.*, 555 F. Supp. 2d 1331 (S.D. Fla. 2008). In *Access Telecom* and *GSM Group,* TracFone filed suit against defendants engaged in misconduct nearly identical as that alleged against Sunstrike Int'l. *See Access* Telecom, 642 F.Supp.2d at 1357-58; GSM *Group*, 555 F.Supp.2d at 1334. In both cases the Court denied these motions to dismiss and held that the complaint filed by TracFone—which was plead with nearly identical specificity as the Complaint in this case and alleged virtually identical claims for relief as those raised by TracFone in this case—satisfied the federal pleading standard under Rule 8. *See Access Telecom*, 642 F.Supp.2d at 1366; GSM *Group*, 555 F.Supp.2d at 1333. Defendant's counsel is the same attorney who represented the defendant in *Access Telecom*, and is well aware of the Court's previous rulings on these issues. *See Access Telecom*, 642 F.Supp.2d at 1357.

### B. Defendant's Extrinsic Evidence Should Be Excluded Under Rule 12(d) As Evidence Outside The Pleadings

The exhibits to Defendant's Motion should be excluded from consideration by this Court under Fed. R. Civ. P. 12(d), as evidence outside the pleadings improperly submitted for consideration on a Motion to Dismiss under Rule 12(b)(6). "It is well-settled that extrinsic evidence cannot be considered when resolving a motion to dismiss for failure to state a claim." *Access*, 642 F.Supp.2d at 1363 n.7 citing *Morrison v. Amway Corp.,* 323 F.3d 920, 924 (11th Cir. 2003); *Malowney v. Federal Collection Deposit Group,* 193 F.3d 1342 (11th Cir. 1999); *Milburn v. United States,* 734 F.2d 762 (11th Cir. 1984); *Caravello v. American Airlines, Inc.*, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) ("In deciding a motion to dismiss, a court may only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment.").

In support of its Motion to Dismiss, Defendant attached the following extrinsic evidence: two FCC Orders and a Governor's report regarding TracFone's SafeLink Wireless and selective invoices from Sunstrike Int'l. All of these documents should be excluded because they are either irrelevant to TracFone's claims or disputed by TracFone. *See Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002) (a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed) (internal citations omitted).

Indeed, the fact that SafeLink Wireless telephones are shipped directly to customers does not eliminate the possibility that they are purchased by Runners and resold to Defendant or one of its co-conspirators. Moreover, TracFone strongly disputes the invoices attached to Defendant's Motion to Dismiss as they directly conflict with the allegations in TracFone's Complaint. *See* Compl., ¶¶61-63; *Ziemba*, 256 F.3d at 1198 n. 2 (In deciding a motion to dismiss, the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.).

If the Court elects to consider this extrinsic evidence, TracFone asks this Court to convert Defendant's Motion into one for Summary Judgment and postpone consideration thereof under Rule 56(f) until such time as TracFone is able to engage in discovery sufficient to allow it to completely and adequately respond. Absent the extrinsic evidence, Defendant's Motion should be considered a 12(b)(6) Motion to Dismiss and denied, as TracFone has alleged facts sufficient to state a claim as to each count alleged.

### C. The Complaint Sufficiently Alleges Claims For Federal Trademark Infringement, Federal Unfair Competition, And Contributory Trademark Infringement

Defendant asserts that TracFone's trademark claims should be dismissed because there is no likelihood of confusion because TracFone alleges that the Phones are shipped overseas and "TracFone's coverage area and consumers are not located overseas." Motion at p. 16. However, Defendant's likelihood of confusion argument is a question of fact which cannot be properly resolved on a motion to dismiss. *See Jellibeans, Inc. v. Skating Clubs of Ga., Inc.,* 716 F.2d 833, 840 (11th Cir. 1983); *Pyramid Co. of Onodaga v. Land Co. of Osceola County*, LLC, No. 6:08-cv-1819-Orl-31GJK, 2009 WL 260994, *3 (M.D. Fla. Feb. 4, 2009).

In order to state claims for trademark infringement and unfair competition, a plaintiff must demonstrate that (1) it has a valid, protectable mark and (2) that Defendant's use of the mark is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). TracFone has done so. The Complaint alleges that TracFone has a valid, protectable mark by alleging that it has obtained registered trademarks. Compl., ¶¶37-38. A Certificate of Registration of a trademark issued by the United States Patent and Trademark Office is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate." 15 U.S.C. § 1057(b). The Eleventh Circuit strongly presumes registered marks to be valid. *Coach House Rest., Inc. v. Coach & Six Rests., Inc.,* 934 F.2d 1551, 1562 (11th Cir. 1991).

The Complaint alleges that Defendant's use of the mark is "likely to cause confusion, or to cause mistake, or to deceive" and that "[t]he parties sell virtually identical looking, directly competing products to the same purchasers through the same channels of trade utilizing the same

advertising vehicles" thereby alleging facts in support of each of the seven factors considered by the Eleventh Circuit in determining whether there exists a likelihood of confusion:

> (1) strength of the plaintiff's mark; (2) similarity of the marks; (3) similarity of the products and services (4) identity of the parties' customers; (5) identity of advertising media utilized; (6) intent of the defendant; and (7) any evidence of actual confusion.

*See E. Remy Martin & Co. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1530 n.15 (11th Cir. 1985). All of these factors are satisfied. *See* Compl., ¶¶56, 83, 85, 89, 91, 100. Accordingly, the Complaint pleads claims for federal trademark infringement, federal unfair competition and contributory trademark infringement with requisite specificity. *See Access*, 642 F.Supp.2d at 1362-63 (finding defendants' argument "that their alleged conduct causes no likelihood of confusion" meritless and denying their motion to dismiss TracFone's trademark claims").

### D. The Complaint Sufficiently Alleges Claims For Copyright Infringement And Violations Of The DMCA

To state a claim of copyright infringement under Title 17 of the United States Code, a plaintiff must allege ownership of a valid copyright and copying of the constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Bateman v. Mnemonic, Inc.,* 79 F.3d 1532, 1540 (11th Cir. 1996). TracFone alleges ownership of a valid, registered copyright in the TracFone Prepaid Software. Compl., ¶40. TracFone also alleges that "Defendants' and/or its co-conspirators' actions in reflashing or otherwise modifying the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized derivate work of the TracFone Prepaid Software." *Id.* at ¶105. TracFone also alleges "Defendants' and/or its co-conspirators' actions in improperly reflashing the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized reproduction of the TracFone Prepaid Software." *Id.* at ¶106.

7

In *Access*, 642 F.Supp.2d at 1363 and *GSM Group*, 555 F.Supp.2d at 1335-1336, this Court previously held identical allegations raised by TracFone were sufficient to support a claim for copyright infringement against other defendants engaged in misconduct nearly identical to that of Defendant's in this case. Accordingly, Defendant's Motion should be denied as to TracFone's copyright infringement claim. *See id.*

The Complaint also sufficiently states a claim under the Digital Millennium Copyright Act ("DMCA") based upon both 17 U.S.C. § 1201(a)(1), concerning the Circumvention of Copyrighted Software Protection Systems, and 17 U.S.C. § 1201(a)(2), concerning Trafficking in Circumvention Technology. Defendant does not identify a specific objection to these counts. Because this Court has already accepted these claims as well pled, Defendant's Motion should be denied as to TracFone's DMCA claims. *Access*, 642 F.Supp.2d at 1363-64 and *GSM Group*, 555 F.Supp.2d at 1336-37.

     E.    **The Complaint Sufficiently Alleges Claims For Breach Of Contract And Tortious Interference With Contract**

This Court has already found that TracFone has a valid and binding contract known as a "shrinkwrap agreement" or "shrinkwrap contract" with respect to purchases of its Prepaid Phones. *Access*, 642 F.Supp.2d at 1364; *see also Salco Distribs., LLC v. iCode, Inc.*, 2006 WL 449156 at *2 n.5 (M.D. Fla. Feb. 22, 2006) (holding purchaser of software product was bound by terms of shrinkwrap agreement upon opening the packaging of the product) (citing *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1452 (7th Cir. 1996)); *see also Microsoft Corp. v. Big Boy Distrib. LLC*, 589 F. Supp.2d 1308, 1319-20 (S.D. Fla. 2008). Support for the enforceability of shrinkwrap agreements can be found, in part, in U.C.C. § 2-204, which provides that "[a] contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." In "Florida and the

federal circuits, shrinkwrap…agreements are valid and enforceable contracts." *Salco*, 2006 WL 449156, at *2; (citing *Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc.*, 743 So. 2d 627 (Fla. 1st DCA 1999) (buyer entered into agreement by breaking seal on software); *see also Microsoft Corp. v. Big Boy Dist. LLC*, 589 F. Supp. 2d 1308, 1320 (S.D. Fla. 2008) (enforcing agreement against a downstream purchaser whose association with the manufacturer included indirect contacts through another party); *Siedle v. Nat'l Ass'n of Securities Dealers, Inc*. 248 F. Supp. 2d 1140 (M.D. Fla. 2002) (upholding the validity of a click-wrap agreement).

The Complaint adequately alleges that Defendant purchased TracFone Phones subject to a shrinkwrap agreement and breached the terms of TracFone's enforceable contract. *See* Compl., at ¶¶94-98. The Court should thus deny the Motion to Dismiss TracFone's claims for breach of contract.

With respect to tortious interference, TracFone alleges that Defendant actively solicits Runners[2] to purchase large quantities of Phones from Target, Wal-Mart, Sam's Club, in excess of the retailers' policies limiting the number of Phones an individual may purchase, for the sole purpose of unlawfully trafficking and reselling reflashed and unlocked TracFone Phones. *Id.* at ¶¶ 58-63. By soliciting these Runners, Defendant is knowingly requesting that they enter into binding contracts with TracFone for the sole purpose of later breaching those agreements. Therefore, TracFone's tortious interference claim is properly pled and should not be dismissed. *See Access*, 642 F.Supp.2d at 1364; *Tamiami Trail Tours, Inc. v. Cotton,* 463 So.2d 1126, 1127 (Fla. 1985) (a tortious interference claims requires (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified

---

[2] The Complaint defines "Runners" as the individuals Defendant and/or its co-conspirators solicit to purchase TracFone Prepaid Phones in bulk for the benefit of Defendant.

interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship).

        F.    **The Complaint Sufficiently Alleges A Claim For <u>Conspiracy to Induce Breach of Contract and Civil Conspiracy</u>**

Defendant asks the Court to dismiss TracFone's claims for conspiracy because they are allegedly "void of any factual content." Motion at p. 16. To properly state a claim for civil conspiracy, a plaintiff must allege "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Florida Fern Growers Assoc., Inc. v. Concerned Citizens of Putnam Cty.*, 616 So. 2d 562, 565 (Fla. 5th DCA 1993). "Under Florida law, the 'gist of a civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the Plaintiff.'" *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007). The agreement between the parties to cooperate in a particular line of conduct or to accomplish a particular result "need not be expressed in words and may be implied and understood to exist from the conduct itself." *In re Chira*, 353 B.R. 693, 731-732 (S.D. Fla. 2006). Moreover, "civil conspiracy does not require more than knowledge and general participation in the conspiracy to commit a civil wrong." *Id.* (*citing Voll v. Randazzo*, 674 So. 2d 892 (Fla. 5th DCA 1996)).

TracFone has pled each of the elements of a civil conspiracy. TracFone alleges that Defendant worked in concert with other individuals who were engaged in the unlawful bulk purchasing, reflashing, and sale of the altered TracFone Phones, giving rise to TracFone's claims

10

for trademark infringement, tortious interference and various other tort claims.[3]  Compl., ¶23-26; 31-32; 65-71; 138-140.  In furtherance of this conspiracy, TracFone alleges Defendant purchased hundreds of thousands of dollars of TracFone Prepaid Phones from non-parties to this suit.  *Id.*, ¶65  Finally, TracFone has alleged that, as a result of the conspiracy, it has suffered damages in the form of lost sales, lost profits, loss of ability to control the quality of its product, inability to supply retailers with sufficient volume of Phones, and loss of business reputation and goodwill.  *Id.*, ¶¶ 72-78.  These allegations are sufficient to plead each of the elements of civil conspiracy and "to put Defendant on notice as to the nature of the alleged conspiracy."  *Primerica Fin. Servs., Inc. v. Mitchell*, 48 F. Supp. 2d 1363, 1369 (S.D. Fla. 1999); *see also Access*, 642 F.Supp.2d at 1365; *GSM Group*, 555 F.Supp.2d at 1338.

      With respect to TracFone's conspiracy to induce breach of contract claim, TracFone has pled that there was a binding and enforceable contract, the Defendant had sufficient knowledge of the contract, which prohibits resale, and that the Defendant conspired to intentionally and maliciously use the Runners to buy the Phones and immediately resell them to Defendant, which directly violates the agreement entered into between the Runners and TracFone.  Compl., ¶¶95, 127-133; *TracFone Wireless, Inc. v. Zip Wireless Products, Inc.*, 716 F.Supp.2d 1275, 1288 (N.D. Ga. 2010) (denying motion to dismiss TracFone's conspiracy to induce breach of contract claim).  Accordingly, Defendant's motion to dismiss Counts Nine and Ten should be denied.  *Id.*; *See GSM Group, Inc.*, 555 F. Supp. 2d at 1338.

---

[3] When a plaintiff has sufficiently plead a claim for civil conspiracy but does not know the identity of all culpable persons, it is "entitled to conduct reasonable discovery regarding" its claim.  *Primerica Fin. Servs., Inc. v. Mitchell*, 48 F. Supp. 2d 1363, 1370 n.6 (S.D. Fla. 1999).

11

### G. The Complaint Sufficiently Alleges A Claim For Unjust Enrichment

To properly state a claim for unjust enrichment, a plaintiff must plead, among other things, that the plaintiff has conferred a benefit on the defendant. *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.*, 667 So.2d 876, 879 (Fla. 3d DCA 1996) (quoting *Hillman Constr. Corp. v. Wainer*, 636 So.2d 576, 577 (Fla. 4th DCA 1994) (citations omitted)). The Complaint alleges that Defendant obtained the TracFone Phones at subsidized prices and, independently, obtained financial gain through their subsidy theft and improper resale of the Phones. Compl., ¶141-143. TracFone thus alleges that it conferred benefits on Defendant sufficient to support a claim for unjust enrichment. Accordingly, Defendant's Motion must be denied. *Access*, 642 F.Supp.2d at 1366.

### H. TracFone's Damages Requests Are Proper

Defendant argues that TracFone's request for damages violates the "due process limit on the amount of damages that might be sound." Motion at p. 19. Specifically, Defendant contends that the damages it received from similar bulk resellers prevents TracFone from recovering from Defendant. Defendant's argument is premature as TracFone has not yet been awarded actual damages or punitive damages.

"Proper due process analysis of a punitive award in the Eleventh Circuit 'requires first that we identify the state's interest in deterring the relevant conduct and the strength of that interest. Next, we review the district court's findings regarding the three *BMW* guideposts.'" *Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201, 1218 (11th Cir. 2010). This test presupposes an award of compensatory and punitive damages which has not yet occurred in this case. Moreover, the third *BMW* guidepost is a mixed question of law and fact making it inappropriate to decide on a motion to dismiss. *Id.* (holding that "[t]he third guidepost presents a

mixed question of law and fact."); *Pelican Ventures, LLC v. Azimut S.p.A.*, No. 03-62119, 2004 WL 3142550, *15 (S.D. Fla. Jul. 28, 2004) ("Many of the points raised by Defendants are questions of fact which cannot be decided on a motion to dismiss"). Because there has been no final monetary award, the due process inquiry is premature and Defendant's request to limit TracFone's recovery of damages at this stage of the litigation should be denied.

## CONCLUSION

Based on the arguments and authorities set forth above, TracFone respectfully requests that the Court deny Sunstrike Int'l's Motion to Dismiss in its entirety.

Dated: June 3, 2011      By: *s/ Aaron S. Weiss*

                       Steven J. Brodie (FL Bar # 333069)
                       Email: sbrodie@carltonfields.com
                       Aaron S. Weiss (FL Bar # 48813)
                       Email: aweiss@carltonfields.com
                       **CARLTON FIELDS, P.A**
                       4200 Miami Tower
                       100 Southeast Second Street
                       Miami, Florida 33131
                       Telephone No. (305) 530-0050
                       Facsimile No. (305) 530-0055

                       James B. Baldinger (FL Bar # 869899)
                       Email: jbaldinger@carltonfields.com
                       **CARLTON FIELDS, P.A**
                       525 Okeechobee Boulevard, Suite 1200
                       West Palm Beach, Florida 33401
                       Telephone No. (561) 659-7070
                       Facsimile No. (561) 659-7368

                       *Attorneys for Plaintiff TracFone Wireless, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Aaron S. Weiss*
AARON S. WEISS

## SERVICE LIST

*TracFone Wireless, Inc. v. Sunstrike International, Ltd., et al*
Case No.: 10-CV-24386-JEM
United States District Court, Southern District of Florida

| | |
|---|---|
| Olivia D. Griffin, Esquire<br>14 Northeast First Avenue<br>Suite No. 1103<br>Miami, Florida  33132<br>*Attorneys for Sunstrike International USA, Inc. And Sunstrike International Ltd.*<br><br>*Via CM/ECF* | Pak-China Group Co Ltd.<br>New Pak China<br>O/B Sunny Trade Int'l Ltd., Shop 58 G/F<br>Chung King Mansion, 36-44 Nathan Road<br>Tsim Sha Tsui, Kowloon, Hong Kong<br><br>*Via Int'l FedEx* |